UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BENJAMIN ALLISON,

                Petitioner,              Case No. 1:09-cv-59

v.                                    Honorable Paul L. Maloney

MARY K. BERGHUIS,

                Respondent.

_____/

### REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

I.        Factual Allegations

Petitioner Benjamin Allison presently is serving a sentence of life imprisonment, imposed by the Muskegon County Circuit Court on January 8, 1982, after Petitioner pleaded guilty to first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b.  Petitioner appealed his conviction to the Michigan Court of Appeals, which affirmed the conviction and sentence on May 11, 1983.  Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On April 24, 2002, Petitioner, through counsel, filed a motion to amend the sentence and to correct the presentence report in the Muskegon County Circuit Court.   In his motion, Petitioner asserted that his sentence was invalid because, in imposing the severe sentence it did, the sentencing court relied upon a similar Mason County conviction, which was overturned on June 28, 1983, and for which all charges were dismissed with prejudice on June 18, 1985.  (Pet., App. B, docket #2-3 at 2-4.)  Petitioner contended that his Muskegon County sentence violated due process because it relied upon inaccurate information.  The circuit court held a hearing on the matter on May 20, 2002.  (*Id.* at 13-27.)   Given the absence of certain critical information, the circuit court denied the motion without prejudice, anticipating that a new motion would be filed within six to eight weeks.  The order denying the motion was entered on September 25, 2002.  (*Id.* at 28.)

The motion was not refiled.  Apparently, Petitioner was unable to continue to pay his attorney.  On September 30, 2005, counsel wrote to Petitioner to inform him that his file was being closed.  Petitioner replied on October 10, 2005, and counsel wrote on November 3, 2005 that he could no longer afford to continue work on a delinquent file.  The attorney provided a copy of his file to Petitioner.  On December 22, 2005, counsel again wrote to Petitioner, responding to

- 2 -

Petitioner's request that counsel represent him pro bono.  Counsel advised that he already performed

many hours of pro bono work and could not afford to do more.  (App. C to Pet., docket #2-4 at 1-3.)

Nothing further was done until October 10, 2006, when Petitioner, proceeding *pro

se*, filed a second motion to amend sentence and correct presentence report.  (App. D to Pet., docket

#2-5 at 2-7.)  On December 12, 2006, the circuit court denied the motion, holding that the only

proper motion available to Petitioner was a motion for relief from judgment under MICH. CT. R.

6.508(D).  The court therefore denied the motion in its present form.  (*Id.* at 8.)  Petitioner sought

leave to appeal to the Michigan Court of Appeals.  The court denied leave to appeal for lack of

jurisdiction as the circuit court decision was not a final order as defined by MICH. CT. R. 7.202(6)(b).

(*Id.* at 9.)

On March 13, 2007, Petitioner filed a motion for relief from judgment in the

Muskegon County Circuit Court.  Petitioner raised the same claim raised in his earlier postconviction

motions.  He also argued that he met the requirements for cause under MICH. CT. R. 6.508(D)

because the Mason County conviction was overturned after his direct appeal was filed.  (App. E to

Pet., docket #2-6 at 2-13.)  The circuit court concluded that Petitioner had shown cause and prejudice

entitling him to review under MICH. CT. R. 6.508(D).  On the merits, however, the court concluded

that Petitioner had failed to show that the sentencing court had relied to a constitutional degree on

the fact of conviction in the Mason County case.  The court therefore denied the motion.  (*Id.* at 14-

15.)  Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan

Supreme Court, both of which denied leave to appeal on the grounds that Petitioner had failed to

demonstrate entitlement to relief under MICH. CT. R. 6.508(D).  (App. F to Pet., docket #2-7 at 10;

- 3 -

App. G to Pet., docket #2-8 at 9.)  The supreme court order issued June 23, 2008.  (App. G to Pet., docket #2-8 at 9.)

 Petitioner filed the instant habeas application on or about January 15, 2009.[1]

 II. Statute of Limitations

 Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on January 15, 2009, and it was received by the Court on January 22, 2009.  Thus, it must have been handed to prison officials for mailing at some time between January 15 and 22, 2009.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In the instant case, § 2244(d)(1)(D) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  According to Petitioner's application, at the time of his direct appeal, the Mason County conviction remained pending and was not a basis for challenging his Muskegon County sentence.[3]  Not until June 18, 1985, did the Mason County Circuit Court enter an order for dismissal with prejudice.  As a consequence, § 2244(d)(1)(D) provides the latest date under the statute from which the limitations period could run.  I conclude that, with the exercise of reasonable diligence, Petitioner should have become aware on June 18, 1985 that his Muskegon County sentence was based on false information.  His one-year statute of limitations therefore would have run on June 18, 1986.

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that a petitioner whose conviction became final prior to April 24, 1996, the effective date of the AEDPA, has a one-year grace period from the effective date in which to file his petition.

---

[3]The Michigan Court of Appeals affirmed Petitioner's conviction on May 11, 1983.  Because Petitioner did not seek leave to appeal in the Michigan Supreme Court, his conviction became final on Wednesday, July 6, 1983, at the end of the 56-day period for filing an application for leave to appeal to that court.  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added).

*Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).  The grace period ended on April 24, 1997. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000).  As a result, absent tolling, Petitioner's habeas application filed January 15, 2009 is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003)  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490).  Because Petitioner's one-year period expired in 1997, his collateral motions filed in 2002, 2006 and 2007 do not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied  "sparingly" by this Court.  *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of

limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   February 10, 2009                     /s/  Joseph G. Scoville
                                                        United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

- 8 -