UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ALLISON,
        Petitioner,

No. 1:09-cv-059

-v-

HONORABLE PAUL L. MALONEY

MARY K. BERGHUIS,
        Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTION

Benjamin Allison, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a habeas petition under 28 U.S.C. § 2254. Petitioner is serving a life sentence, which was imposed on January 8, 1982. According to the Petitioner, a prior conviction of his was overturned on June 28, 1983 and dismissed with prejudice on June 18, 1985. Petitioner asserts his life sentence was based, in part, on the existence of this prior conviction. Petitioner sought relief in state court, without success. Petitioner now seeks relief in this court. The magistrate judge has reviewed the petition and issued a report (Dkt. No. 5) recommending the petition be dismissed as time barred. Petitioner filed objections. (Dkt. No. 6.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.

1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

The magistrate judge accurately summarized the facts and correctly interpreted the relevant law. The recommendations in the report are well reasoned. The factual basis for Petitioner's request for relief occurred in 1985, after his 1982 sentence had been affirmed by the Michigan Court of Appeals. The enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), and its one year statute of limitation, on federal habeas petitions did not extinguish his claim, but required this petition be filed no later than April 24, 1997. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000).

Petitioner's objections are not persuasive and do not undermine the sound conclusion of the magistrate judge contained in the report and recommendation. First, Petitioner argues no time limit exists to correct an invalid sentence. Contrary to Petitioner's assertion, a one-year time limit exists on his ability to file a federal habeas petition. Although the parties in his post conviction state court proceedings asserted there was no time limit to challenge the sentence in state court, that assertion

2

does not extend to Petitioner's ability to seek federal habeas relief. Petitioner has not established that the one-year statute of limitation should have been tolled between 1996, when the AEDPA became effective, and January 2009, when he filed his petition. The one-year statute of limitation to file a habeas petition does not violate the Suspension Clause contained in Article 1, section 9 of the United States Constitution. *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009) (per curiam) (collecting cases).

Petitioner raises two other objections. As a second objection, Petitioner asserts the AEDPA violates the separation of powers doctrine and the equal protection doctrine because his sentence is not predicated on accurate, truthful and reliable information. Petitioner's assertion here is too vague and generalized to merit discussion. This objection does not impact the issue of whether the petition was timely filed. Petitioner further argues the magistrate judge erred by failing to review the case *de novo*. The merits of *timely* petitions are entitled to review. As a third objection, Petitioner asserts a fundamental miscarriage of justice has occurred because his presentence investigation report has not been corrected to eliminate one of his two prior convictions, and if it were to be corrected his life sentence would likely be reduced to a term of years. This objection does not impact the magistrate judge's conclusion that the petition, however meritorious it may be, is barred by the applicable statute of limitation. For these reasons, Petitioner's objections are OVERRULED.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). The court has reviewed the petition, report and recommendation, and the objections for the purpose of determining whether to issue a certificate of appealability. Reasonable jurists would not disagree with this court's conclusion that the petition is barred by the AEDPA's one-year statute of limitation.

Accordingly, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 5) is **ADOPTED OVER OBJECTIONS** as the opinion of this court.

2. The petition for writ of habeas corpus is **DENIED.**

3. A certificate of appealability is **DENIED.**

Date: April 7, 2010          /s/ Paul L. Maloney
                             Paul L. Maloney
                             Chief, United States District Judge